UNITED STATES of America ex rel. David McCARTHY, Petitioner,

v.

Howard PETERS, Respondent.

No. 91 C 6634.

United States District Court,
N.D. Illinois, E.D.

Sept. 29, 1992.

See also, 559 N.E.2d 996.

---

Timothy J. Leeming, Asst. Public Defender, Chicago, Ill., for petitioner.

Bradley P. Halloran, Asst. Atty. Gen., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Petitioner, David McCarthy, filed a petition for writ of habeas corpus seeking release from the custody of respondent, Howard Peters, Director of the Department of Corrections of the State of Illinois. Respondent filed a document entitled "Answer and Motion to Deny Petition." Such a document is not contemplated by the applicable statute or rules. See 28 U.S.C. § 2254; Rules Governing Section 2254 Cases in the United States District Courts, Rule 5 (State Habeas Rule 5). The court, *sua sponte*, strikes the portion of the document filed by respondent that constitutes a "Motion to Deny Petition" and treats that document as an answer only. In addition, the court strikes, *sua sponte*, respondent's subsequently filed "Memorandum of Law in Support of Motion to Deny Petition." The court's review of the petition, the answer, and the materials properly submitted with the answer, shows that no evidentiary hearing is required and that the petition may be disposed based on the materials that have been submitted to the court. See State Habeas Rule 8(a).

The ground on which petitioner bases his claim that he is entitled to have the writ granted is that his:

TRIAL COUNSEL WAS INEFFECTIVE FOR ARGUING AN INVALID THEORY OF DEFENSE (VOLUNTARY MANSLAUGHTER) AND FOR ADMITTING THAT HIS CLIENT SHOT AND KILLED MS. NEAL.

The strategy which petitioner claims his trial counsel was ineffective in pursuing was one in which it was admitted that petitioner had shot and killed his former girlfriend and that the killing was intentional. Trial counsel's argument was that the degree of the offense should not be murder but voluntary manslaughter because petitioner shot and killed Ms. Neal while acting under the serious provocation of seeing her in bed with another man. Petitioner contends that this was an erroneous strategy because the legal theory on which it was premised was not viable under Illinois law and had the effect of admitting petitioner's guilt of murder without requiring the State to prove that guilt.

In order to prevail on a claim of ineffective assistance of counsel petitioner must satisfy both the performance and the prejudice prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner argues that for the error he claims counsel made, prejudice should be presumed. It is unnecessary to determine whether petitioner is correct with respect to the prejudice prong of the test, because he cannot satisfy the performance prong.

In *Strickland,* the court stated:

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after convictions or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable pro-

fessional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." ...

.     .     .     .     .

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.
*Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S.Ct. 2052, 2065–66, 80 L.Ed.2d 674 (1984). Petitioner has not overcome the strong presumption that his trial counsel performed competently.

From the evidence at trial, it is apparent that it would have been futile for trial counsel to attempt any defense based on a failure of the State to prove beyond a reasonable doubt that petitioner killed Neal or that petitioner did not act with the requisite mental element. It was certainly well within the wide range of professional reasonableness for trial counsel to have believed that petitioner had a better chance of convincing a judge that he was entitled to voluntary manslaughter instructions and of convincing a jury that the offense should be voluntary manslaughter rather than murder. Petitioner challenges the reasonableness of trial counsel's conduct on the basis that the legal theory advanced was not viable under Illinois law.

It was reasonable for trial counsel to believe the theory was a viable one under Illinois law. The theory was that, even though petitioner and Neal were not married, their relationship was sufficiently analogous to that of a married couple to make the spousal-adultery form of strong provocation applicable. The Illinois Appellate Court agreed, unanimously on this point, reversing and remanding for a new trial in which an instruction on that form of voluntary manslaughter would be given. *People v. McCarthy*, 181 Ill.App.3d 208, 129 Ill.Dec. 867, 868–70, 536 N.E.2d 917, 918–20 (1989). The Illinois Supreme Court left open the question of whether such an instruction should only be given where the couple involved were married; deciding that even if such a theory is available where the couple were unmarried under Illinois law, it would not be applicable to petitioner's case because the relationship between petitioner and Neal had ended making the situation analogous to that of a divorced couple. *People v. McCarthy*, 132 Ill.2d 331, 138 Ill.Dec. 292, 296–98, 547 N.E.2d 459, 462–64 (1989).

That the Illinois Supreme Court ultimately decided that the situation was analogous to a couple after a divorce rather than to a couple still married but having difficulties does not make trial counsel's decision to argue the theory unreasonable. Under the circumstances, with the other possible defenses suggested by petitioner so weak as to be nearly nonexistent, trial counsel's choice of strategy was well within the bounds of reasonably effective assistance. Therefore, petitioner is not entitled to have a writ of habeas corpus granted on the basis that he received ineffective assistance of counsel at trial.

ORDERED: The portion of respondent's "Answer and Motion to Deny Petition" constituting a motion to deny the petition and respondent's "Memorandum of Law in Support of Motion to Deny Petition" are stricken by the court, *sua sponte*. The petition for writ of habeas corpus is denied.